**STATE ex WHITE v CLEVELAND (city) et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15472.    Decided April 27, 1936

James H. Murray, Cleveland, for relator.
Alfred Clum, Director of Law, Cleveland, and Charles W. White, Assistant Director of Law, Cleveland, for defendants.

### OPINION

By LIEGHLEY, PJ.

Relator filed an original action in mandamus in this court praying for an order restoring one Clayton E. White to the payroll of the Police Department and for wages wrongfully withheld.

To this petition a demurrer was filed upon the ground that the petition did not state a cause of action. The case is submitted to this court on demurrer.

The petition is based upon the following controlling facts:  It is alleged that the relator is the guardian of Clayton E. White, an incompetent. Said Clayton E. White became a member of the Cleveland Police Department on the 29th day of October, 1923.  He performed his duties as a patrolman from that date until the 31st day of December, 1931, when he was suddenly taken ill and has been wholly incapacitated ever since.  His name was carried on the payroll of the Police Department until the 16th of January, 1933. Under date of December 12th, 1932, the then Director of Public Safety addressed a letter to the patrolman in the following language:

"This is to advise you that on and after January 16th, 1933, you will no longer be carried upon the payroll of the City of Cleveland."

Since January 16th, 1933, the name of said patrolman has not been included in the payroll and this action was instituted by the relator on behalf of her ward for a writ to compel the proper officers to restore him to said payroll obviously with the ultimate object in view of procuring his salary since said date.

The petition does not allege, and at the hearing it was admitted, that the patrolman never has been suspended or discharged from his office of patrolman, nor has any steps been taken to place his name upon the pension roll. It is obvious that his name was dropped from the payroll for the reason that for more than a year he had performed no services, and at that time was reported as wholly incapacitated and physically unable to perform the duties of a patrolman.

The relief sought is not a restoration to office, as he has not been removed from office, but a restoration to the payroll from which his name has been omitted. He still ranks as a policeman but is not drawing pay.

Mandamus is a proper remedy to restore one to office from which he  has been wrongfully removed. **Glendenning v Rose et, 93 Oh St 284.**

Restoration to office is emphatically different than restoration to a payroll. Mandamus is not a proper remedy, directly or indirectly for collecting unpaid salary or wages.

Suppose this court ordered his name placed on the payroll, such an order would not afford the relief sought. This court in this action cannot command payment. **Williams v State ex Gribben, 127 Oh St 398.**

Even if ordered to place his name upon the payroll without an order to pay, the city may refuse to pay. It may assert a defense that nothing is owing because of non-performance of duty. In addition the Civil Service Commission may refuse to certify the payroll for the same reason. The writ would accomplish nothing.

The demurrer should be sustained and writ denied on the ground that there is a complete and adequate remedy at law. If the city owes this policeman any thing, it owes it whether his name is on or off the payroll. A suit at law will obtain all that

this action could legally accomplish and in addition thereto payment of whatever may be due and owing.

The entry willl be Demurrer sustained, exceptions. The relator not desiring to plead further, the writ is denied and petition is dismissed at her costs, exceptions.

TERRELL, J, concurs in judgment.
LEVINE, J, dissents.